UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE GOODBAR,<br><br>    Plaintiff,<br><br>  vs.<br><br>PALDARA, et al.,<br><br>    Defendants. | 1:21-cv-01811-GSA-PC<br><br>**ORDER DENYING REQUEST FOR ISSUANCE OF SUBPOENAS, WITHOUT PREJUDICE**<br>**(ECF No. 12.)** |

Robbie Goodbar ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 17, 2021. (ECF No. 1.)

On May 5, 2022, Plaintiff filed a request for the issuance of a subpoena duces tecum directed to the State of California to command production of prison records of overdose victims in the California Prison System. (ECF No. 12.)

For the reasons set forth below, Plaintiff's request shall be denied without prejudice to renewal of the request. Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena duces tecum commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will not consider granting such a request until a later stage of the proceedings after discovery has been opened. In this case, discovery has not been opened.

Plaintiff is advised that the court will issue a scheduling order opening discovery after the Complaint has been served and one or more of the defendants has filed an Answer to the Complaint. At this stage of the proceedings Plaintiff's Complaint awaits the court's requisite screening process. Service of process shall not be initiated until the court has screened the Complaint and finds that Plaintiff states cognizable claims. Therefore, it is not time for discovery in this action.

Should the court later open discovery in this case and Plaintiff once again elects to file a request for the issuance of a subpoena duces tecum, Plaintiff must: (1) identify with specificity the documents sought and from whom; and, (2) make a showing in the request that the records are only obtainable through that third party. Also, documents requested must fall within the scope of discovery allowed in this action.1

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's request for the issuance of a subpoena, filed on May 5, 2022, is DENIED, without prejudice to renewal of the request as instructed by this order.

IT IS SO ORDERED.

Dated:   **May 8, 2022**                              **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).