UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE GOODBAR,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PALDARA, et al.,<br><br>　　　　Defendants. | 1:21-cv-01811-GSA-PC<br><br>**ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE**<br><br>**ORDER DENYING REQUEST FOR CLASS ACTION CERTIFICATION**<br><br>**(ECF No. 13 resolved)**<br><br>**THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF** |

**I.　　BACKGROUND**

　　Robbie Goodbar ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 17, 2021. (ECF No. 1.)

1

On May 5, 2022, Plaintiff filed a motion to amend the Complaint and a motion to proceed in this case with a class action. (ECF No. 13.)

**II.    LEAVE TO AMEND – RULE 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not amended the complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

**Local Rule 220**

In Plaintiff's motion to amend the Complaint, Plaintiff provides new allegations that he wishes to add to the Complaint. Plaintiff may not add information to the Complaint in this manner. Under Rule 220, Plaintiff may not amend the Complaint by adding new information submitted separately from the Complaint.[1] To add information or make a correction to the Complaint, Plaintiff must file an amended complaint which is complete in itself, without reference to prior complaints. To add his new allegations, Plaintiff must file a First Amended Complaint, complete in itself, incorporating the new allegations.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

---

[1] Local Rule 220 provides, in part:

Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Furthermore, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, Plaintiff is advised that he has not been granted leave to add allegations of events that occurred after Plaintiff filed the initial Complaint on December 17, 2021.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading.  Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**III.   MOTION TO PROCEED WITH CLASS ACTION**

Plaintiff requests the Court to allow him to proceed with a class action in this case "for all families of Suboxone overdoses in CA state prisons, to compensate them for eugenics at the prison in violation of their civil rights." (ECF No. 13 at 4.)

Plaintiff is not a lawyer, and he is proceeding in this case without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, Plaintiff has not shown that any of the prospective co-plaintiffs can "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4).  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  A plaintiff's privilege to appear *in propria persona* is a "privilege . . . personal to him.  He has no authority to appear as an attorney for others than himself." McShane v. U.S., 366 F.2d 286, 288 (9th Cir. 1966), citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v.

O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought only by Plaintiff.  Therefore, the request to proceed with a class action shall be denied.

## IV. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is informed that he has leave to amend the Complaint once as a matter of course;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a First Amended Complaint, complete in itself, using the court's form;
4. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:21-cv-01811-GSA-PC and be an original signed under penalty of perjury;
5. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and
6. If Plaintiff fails to file an amended complaint within the 30-day time period, the Court will proceed in this case with Plaintiff's original Complaint.

IT IS SO ORDERED.

Dated:   **May 8, 2022**                           **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE