UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE GOODBAR,<br><br>               Plaintiff,<br><br>        vs.<br><br>PALDARA, et al.,<br><br>               Defendants. | 1:21-cv-01811-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A DISTRICT COURT JUDGE TO THIS CASE**<br><br>       **AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 22.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.      BACKGROUND**

Robbie Goodbar ("Plaintiff") is a civil detainee housed at Atascadero State Hospital, proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 17, 2021. (ECF No. 1.)

On September 23, 2022, Plaintiff filed a motion for a court order allowing him additional access to the facility's law library.  (ECF No. 22.)

**II.     PLAINTIFF'S MOTION**

Plaintiff requests a court order granting him additional access to the law library, so that he can move forward with this case.   He explains that he is only permitted one hour per week, which he finds insufficient.  He requests to be allowed six hours per week, arguing that he is entitled to meaningful access to the courts.  Because Plaintiff seeks a court order compelling officials at Atascadero State Prison to act on his behalf, the court construes Plaintiff's motion as a motion for preliminary injunctive relief.

**Preliminary Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter

jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Access to the Courts**

The Constitution guarantees detained people meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), *overruled on other grounds*. This includes civil detainees. Hydrick v. Hunter, 500 F.3d 978, 990 (9th Cir. 2007), *overruled on other grounds*; Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (holding that "right of access [to the courts] is guaranteed to people institutionalized in a state mental hospital regardless of whether they are civilly committed after criminal proceedings or civilly committed on grounds of dangerousness"). The right of access is grounded in the First and Fourteenth Amendments. Silva v. Di Vittorio, 658 F.3d 1090, 1101–02 ("Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances."); Cornett, 51 F.3d at 897 ("The right of access is grounded in the Due Process and Equal Protection Clauses.").

Detainees and prisoners have the right to pursue claims, without active interference, that have a reasonable basis in law or fact. See Silva, 658 F.3d at 1103–04 (finding that repeatedly transferring the plaintiff to different prisons and seizing and withholding all of his legal files constituted active interference), *overruled on other grounds as stated by* Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); see also Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (applying this standard to a detainee awaiting civil commitment proceedings).

This right forbids state actors from erecting barriers that impede the right of access to the courts of incarcerated persons. Id. at 1102 (internal quotations omitted). However, in order to state a colorable claim for denial of access to the courts, Plaintiff must allege that he suffered an actual injury in the pursuit of the litigation of direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174. "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

///

The right of access, furthermore, does not guarantee any "particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009) (quoting Lewis, 518 U.S. at 356, 116 S.Ct. 2174).

Similarly, a prisoner claiming that his right of access to the courts has been violated due to inadequate library access must show that (1) access was so limited as to be unreasonable; and (2) the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).

### III. DISCUSSION

In this case the Plaintiff's First Amended complaint awaits the Court's screening, thus no defendants have yet appeared or been served, thus the court does not have personal jurisdiction over officials at Atascadero State Hospital.  Importantly, an order for injunctive relief would require directing individuals not before the Court to take action. Zepeda, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). ( See also, Connelly v. Dudley 2017 US Dist Lexis 184523)

However, and without the Court taking a position on this,  Plaintiff may find relief in his quest for more access time to the library from a regulation located in the California Code of Regulation, Title 15, Section 3123.

Finally, the court must account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of officials "are needed to preserve internal order and discipline and to maintain institutional security." Kingsley v. Hendrickson, 576 U.S. 389, 397, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) (quoting Bell v. Wolfish, 441 U.S. 520, 540, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).  Accordingly, the court shall defer to the state hospital's policies and practices in granting Plaintiff access to the law library.

Based on the foregoing, Plaintiff's motion for preliminary injunctive relief should be denied.

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court shall randomly assign a United States District Judge to this case.

**AND**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for preliminary injunctive relief, filed on May 19, 2022, be DENIED for lack of jurisdiction; and
2. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 23, 2022**           **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE