UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE GOODBAR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PALDARA, et al.,<br><br>　　　　Defendants. | 1:21-cv-01811-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED AS MOOT**<br><br>**(ECF No. 25.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

　　Robbie Goodbar ("Plaintiff") is a civil detainee, proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 17, 2021. (ECF No. 1.) On November 16, 2022, Plaintiff filed a motion for preliminary injunctive relief. (ECF No. 25.)

**II.　PLAINTIFF'S MOTION**

　　Plaintiff requests a court order requiring California Department of Corrections and Rehabilitation (CDCR) officials to cease placing non-sex offenders in cells with sex offenders. He also requests a court order for CDCR to provide a phone number for inmates to call if they are threatened, harassed, or intimidated by a CDCR employee or corrections officer. He also

1

requests that CDCR be ordered to provide two doses of Naloxone, the opiod reversal drug, to every inmate in CDCR custody.

**Preliminary Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**III.    DISCUSSION**

Plaintiff's Complaint is based on allegations that when he was incarcerated at Pleasant Valley State Prison, a CDCR facility in Coalinga, California, he was bullied and harassed by a sex offender convict who was placed in the same cell as Plaintiff. Plaintiff is now detained at Atascadero State Hospital in Atascadero, California, in the custody of the California Department

of State Hospitals.  Initially, it is somewhat unclear whether Plaintiff's motion for preliminary injunctive relief concerns only CDCR officials at PVSP, or CDCR officials in general—further, Plaintiff's Complaint does not name CDCR as a defendant, but it does name the State of California. Notwithstanding, for purposes of the following discussion this point need not be addressed.

If Plaintiff's request for injunctive relief is solely related to CDCR officials at PVSP, then his request is moot as Plaintiff is no longer in custody at that institution.[1]  Where a prisoner is challenging conditions of confinement and is seeking injunctive relief at a prison, transfer to another facility renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).  Here, there is no evidence that Plaintiff expects to be transferred back to PVSP.  Therefore, on this ground Plaintiff's motion must be denied as moot.

On the other hand, if Plaintiff's request concerns CDCR in general, his request fails on two additional grounds: (1) Plaintiff has not made an adequate showing of a significant threat of irreparable injury; and (2) since the Court has yet to screen Plaintiff's Complaint, service of the complaint has not yet occurred and thus the Court lacks jurisdiction over CDCR to issue Plaintiff's request for injunctive relief.

Plaintiff argues that the risk of irreparable harm is high, because without the injunction, the risk of further overdoses at CDCR resulting in death is high, and there are serious questions about what an inmate can do when harassed and intimidated by a prison social worker or correctional officer.  However, Plaintiff has not shown that an injunction requiring CDCR to change its procedures at all of its facilities would lessen any risk of harm for Plaintiff since Plaintiff is not currently subject to CDCR's authority.  Although CDCR can remand state prisoners to Atascadero State Hospital, the Hospital is under the authority of the California

---

[1] On July 13, 2022, in Plaintiff's case 2:22-cv-0006, Plaintiff filed a notice of change of address to Atascadero State Hospital.  (Court Record.)

Department of State Hospitals, not CDCR.[2]  Moreover, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of *a particular plaintiff* or plaintiffs. (emphasis added.)   The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).  Here, an injunction affecting *all* prisoners in the custody of the CDCR is not narrowly drawn relief.

Again, because the Complaint has not been screened by the Court there is no Complaint in this case for which the Court has found cognizable claims against any defendant, and no defendant has yet been served with process or appeared in this case.  Therefore, the Court lacks personal jurisdiction over any defendant, and further may not determine the rights of any party not before the Court, including CDCR.  Zepeda, 753 F.2d at 727.

Based on the foregoing, Plaintiff's request for preliminary injunctive relief should be denied.

**IV.   CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on November 16, 2022, be denied on the above stated grounds.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

---

[2] The Department of State Hospitals (DSH) is the current name for the state agency that provides inpatient mental health hospital care for CDCR inmates.  Coleman v. Brown, No. CIV. S-90-520 LKK, 2013 WL 6071977, at *2, fn.4 (E.D. Cal. Nov. 13, 2013).

objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 29, 2022**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE